IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GENTRUP**, et al., : | Case No. 1:07cv430 |
| : | |
| Plaintiffs, : | District Judge Susan J. Dlott |
| : | |
| v. : | ORDER GRANTING PLAINTIFFS' |
| : | MOTION FOR CONDITIONAL |
| **RENOVO SERVICES, LLC,** et al., : | CERTIFICATION AND DENYING |
| : | DEFENDANTS' MOTION TO STRIKE |
| Defendants. : | |

  Before the Court are Plaintiffs' Motion for Conditional Certification of a Class under the Fair Labor Practices Act ("FLSA") (doc. 29) and Defendants' Motion to Strike Supplemental Authority (doc. 48).  Upon the Defendants' request for an oral argument, the Court heard argument from both parties on January 22, 2008.  For the following reasons, Plaintiffs' Motion for Conditional Certification is **GRANTED** and Defendants' Motion to Strike is **DENIED**.

  Plaintiffs, all of whom make their living as "repossession agents," filed this action against Renovo Services, an asset recovery company that operates a nationwide network of repossession agents, and its three wholly-owned subsidiaries:  Recovery One, Cyber Asset Recovery, and Ascension Recovery.  Plaintiffs bring their lawsuit pursuant to 29 U.S.C. § 216(b) as a nationwide collective action "on behalf of all persons who, during any time since June 2004, worked in the United States for Defendants as purported independent contractors and in that capacity regularly drove company-owned trucks."  (Doc. 19 ¶ 131.)  The crux of the dispute is whether Plaintiffs were employees of Renovo, and were thus entitled to overtime wages under the FLSA, or whether they were independent contractors not covered by the FLSA.  Plaintiffs

request that this Court conditionally certify a class and supervise the sending of notice in the action to similarly situated employees of Defendants so that they might "opt in" to the lawsuit.

Although the Sixth Circuit has not decided the matter, the district courts within the Circuit have generally adopted a two-tier approach for deciding whether a suit can proceed as a collective action: conditional certification and decertification. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 864-65 (S.D. Ohio 2005). The initial notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *see also Thomas v. Speedway Supermarkets, LLC*, 2005 U.S. Dist. LEXIS 45286, *14 (S.D. Ohio Sept. 13, 2005). Once the action is conditionally certified, notice is provided to the putative class members and discovery proceeds. Then, at the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims.

Before a court conditionally certifies an action as a collective action and permits notice to be sent, it must satisfy itself that there are other similarly situated employees of the employer who desire to opt in. *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). After consideration of the briefs and argument of counsel, the Court concludes that Plaintiffs have made the requisite showing that repossession agents for Defendants are similarly situated such that conditional certification is appropriate. The two affidavits and three declarations provided by Plaintiffs demonstrate that the repossession agents had similar job requirements, similar pay provisions, and were similarly subjected to Renovo's policy of

2

classifying the repossession agents as independent contractors as opposed to employees. (Doc. 29 Exhibits.)

The Court additionally finds that Plaintiffs' citation to Internal Revenue Service Form SS-8 letters, provided in response to repossession agents' requests for a determination of Federal employment status, is proper for the purposes of Plaintiffs' motion for conditional certification.

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for conditional certification (doc. 29) and DENIES Defendants' motion to strike (doc. 48). The parties are ordered to provide the Court with a proposed Notice of Lawsuit for the Court's consideration on or before February 5, 2008.

       IT IS SO ORDERED.

                                     ___s/Susan J. Dlott_____
                                     Susan J. Dlott
                                     United States District Judge