## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. GENTRUP, | ) | |
| STAN COLLIER, TIM FISHER, | ) | |
| AARON JONES, MARK MAUPIN, | ) | CASE NO. I :07CV 430 |
| LYNN RICE, FRED SCHWARTZ, | ) | |
| JULIAN STEVENS, III, and DAVID OLIVER, | ) | Judge Susan J. Dlott |
| on behalf of themselves and all others similarly | ) | Magistrate Judge Timothy S. Black |
| situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | **)** | |
| RENOVO SERVICES, LLC , RECOVERY | ) | |
| ONE, LLC, CYBER ASSET RECOVERY, LLC, | ) | |
| ASCENSION RECOVERY, LLC, and | ) | |
| RENAISSANCE RECOVERY SOLUTIONS, LLC | ) | |
| | **)** | |
| Defendants. | | |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COLLECTIVE ACTION
### SECOND AMENDED COMPLAINT

Defendants Renovo Services, LLC, Recovery One, LLC, Cyber Asset Recovery, LLC Ascension Recovery, LLC and Renaissance Recovery Solutions, LLC (collectively "Defendants"), by and through their attorneys, and for their answer to Plaintiffs' Collective Action Second Amended Complaint, state as follows:

Plaintiffs Christopher L. Gentrup, Stan Collier, Tim Fisher, Aaron Jones, Mark Maupin, Lynn Rice, Fred Schwartz, Julian Stevens, III and David Oliver bring this lawsuit against Renovo Services, LLC and its wholly-owned subsidiaries Recovery One, LLC, Cyber Asset Recovery, LLC, Ascension Recovery, LLC and Renaissance Recovery Solutions, LLC ["Defendants"] seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201, et seq. In addition to seeking relief on behalf of themselves, Plaintiffs assert their FLSA claim on behalf of similarly-situated workers as a collective action

1

pursuant to 29 U.S.C. § 216(b). Following court supervised notice, 105 individuals have filed Consents to join this action as Party Plaintiffs. The following allegations are based upon personal knowledge as to Plaintiffs' own acts and are made on information and belief as to the acts of others.

**ANSWER:** Defendants admit that Plaintiffs purport to bring a lawsuit against Defendants on behalf of themselves and others seeking remedies under the Fair Labor Standards Act, and that 105 individuals have filed consents to join the lawsuit. Defendants deny each and every allegation contained in this prefatory paragraph of Plaintiffs' Second Amended Complaint not expressly admitted.

<u>Jurisdiction and Venue</u>

1.    The Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 and 29 US.C. §Section [sic] 216(b).

**ANSWER:** Defendants admit that the Court has federal question jurisdiction. Further answering, Defendants deny each and every allegation contained in paragraph 1 of the Second Amended Complaint not expressly admitted.

2.    Venue in this Court is proper pursuant to 28 US.C. § 1391(b).

**ANSWER:** Defendants admit the allegations contained in paragraph 2 of the Second Amended Complaint.

<u>Parties</u>

3.    Plaintiff Christopher L. Gentrup ("Gentrup") is an individual residing at 41 Harrison, Bellevue, Kentucky.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 3 of the Second Amended Complaint and,

therefore, deny same.

4.     Plaintiff Stan Collier ("Collier") is an individual residing at 1004 Clyde Drive, Nicholasville, Kentucky.

**ANSWER:**     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 4 of the Second Amended Complaint and, therefore, deny same.

5.     Plaintiff Tim Fisher ("Fisher") is an individual residing at 435 East Trinity Lane, Nashville, Tennessee.

**ANSWER:**     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 5 of the Second Amended Complaint and, therefore, deny same.

6.     Plaintiff Aaron Jones ("Jones") is an individual residing at 3011 Eagle Pass, Louisville, Kentucky.

**ANSWER:**     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 6 of the Second Amended Complaint and, therefore, deny same.

7.     Plaintiff Mark Maupin ("Maupin") is an individual residing at 906 Cockrill Hill Road, Red Oak, Texas.

**ANSWER:**     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 7 of the Second Amended Complaint and, therefore, deny same.

8.     Plaintiff Lynn Rice ("Rice") is an individual residing at 6220 McCracken Park, Frankfort, Kentucky.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 8 of the Second Amended Complaint and, therefore, deny same.

9. Plaintiff Fred Schwartz ("Schwartz") is an individual residing at 7396 Indian Ridge Way, Burlington, Kentucky.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 9 of the Second Amended Complaint and, therefore, deny same.

10. Plaintiff Julian Stevens, III ("Stevens") is an individual residing at 4764 Heather Lane, Brooklyn, Ohio.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 10 of the Second Amended Complaint and, therefore, deny same.

11. Plaintiff David Oliver ("Oliver") is an individual residing at 1804 Schribner Avenue, Columbia, TN 38401.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the allegations as to residence contained in paragraph 11 of the Second Amended Complaint and, therefore, deny same.

12. Plaintiffs Christopher L. Gentrup, Stan Collier, Tim Fisher, Aaron Jones, Mark Maupin, Lynn Rice, Fred Schwartz, Julian Stevens, III and David Oliver are referred to herein collectively as "Named Plaintiffs."

**ANSWER:** Defendants admit the allegations contained in paragraph 12 of the Second Amended Complaint.

4

13.     During all relevant times, Named Plaintiffs and those who have filed consents in this matter were employees entitled to the full protections of the FLSA.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 13 of the Second Amended Complaint.

14.     Defendant Renovo Services, LLC ("Renovo") is a Delaware corporation headquartered in Chicago, Illinois. Renovo is the parent corporation and sole owner of Defendants Recovery One, LLC, Cyber Assets Recovery, LLC, and Ascension Recovery, LLC. Renovo is engaged in the business of repossessing vehicles for its customers and regularly engages in business within this judicial district.

**ANSWER:**     Defendants deny that Renovo is a corporation, but rather state that it is a limited liability company.  Further answering, Defendants admit the remaining allegations contained in paragraph 14 of the Second Amended Complaint.

15.     Defendant Recovery One, LLC, a wholly-owned subsidiary of Defendant Renovo, is a Kentucky limited liability company headquartered in Lexington, Kentucky, and is engaged in the business of repossessing vehicles for its customers and regularly engages in business within this judicial district.

**ANSWER:**     Defendants admit the allegations contained in paragraph 15 of the Second Amended Complaint.

16.     Defendant Cyber Asset Recovery, LLC, a wholly-owned subsidiary of Defendant Renovo, is an Ohio limited liability company headquartered in Toledo, Ohio, and is engaged in the business of repossessing vehicles for its customers and regularly engages in business within this judicial district.

**ANSWER:**     Defendants admit the allegations contained in paragraph 16 of the Second

5

Amended Complaint.

17.    Defendant Ascension Recovery, LLC, a wholly-owned subsidiary of Defendant Renovo, is an Alabama limited liability company, and is engaged in the business of repossessing vehicles for its customers.

**ANSWER:**    Defendants admit the allegations contained in paragraph 17 of the Second Amended Complaint.

18.    Defendant Renaissance Recovery Solutions, LLC, a wholly-owned subsidiary of Defendant Renovo, is a Delaware limited liability company doing business in Michigan, which provides administrative services for other subsidiaries of Renovo, including forwarding repossession orders, providing skip tracing, updates, mapping, coordination of transports and auctions, accounting functions and the payment of repossession agents.

**ANSWER:**    Defendants admit the allegations contained in paragraph 18 of the Second Amended Complaint.

18.[1]    During all relevant times, Defendants were employers covered by the FLSA.

**ANSWER:**    Defendants admit that they are subject generally to the requirements of the FLSA, where applicable, but Defendants deny that they were the "employers" of Plaintiffs, who were independent contractors outside the protection of the FLSA.

### Defendants' Common Business Practices

19.    Defendants are one of the country's leading providers of repossession services, primarily focusing on the repossession of automobiles, trucks, boats, motorcycles, all-terrain vehicles and recreational vehicles.

**ANSWER:**    Defendants admit the allegations contained in paragraph 19 of the Second

---

[1] Plaintiffs' Second Amended Complaint contains two paragraphs numbered 18.

Chicago 105421.1

Amended Complaint.

20. Defendants operate a nationwide network of repossession agents which include more than 100 agents and 40 recovery lots throughout the United States.

**ANSWER:** Defendants admit that they contract with more than 100 repossession agents in the Midwest and Southeast regions of the United States, and that they operate more than 40 recovery lots. Further answering, Defendants deny each and every allegation contained in paragraph 20 of the Second Amended Complaint not expressly admitted.

21. In operating their repossession services, Defendants utilize a fleet of company-owned vehicles which employ in-cab global positioning systems to monitor their repossession agents.

**ANSWER:** Defendants admit that the repossession agents have the option of leasing a company-owned vehicle, and that the leased vehicle contains a global positioning device. Further answering, Defendants deny each and every allegation contained in paragraph 21 of the Second Amended Complaint not expressly admitted.

22. In operating their repossession services, Defendants employ purported independent contractors, each of whom is required to enter into a standardized contract with Defendants.

**ANSWER:** Defendants admit that they enter into independent contractor agreements with repossession agents. Further answering, Defendants deny each and every allegation contained in paragraph 22 of the Second Amended Complaint not expressly admitted.

23. Most of Defendants' purported independent contractors regularly and consistently drive these vehicles in performing their repossession services on behalf of Defendants. A small minority drive their own vehicles which are dedicated to performing services for Defendants.

7

These individuals, known as repossession agents, are referred to herein as the "Class Members."

**ANSWER:** Except to admit that in the course of performing their repossession services the independent contractor repossession agents have the option of utilizing a vehicle leased from the company, and that a certain percentage of repossession agents use their own vehicles to perform repossessions, Defendants deny each and every remaining allegation contained in paragraph 23 of the Second Amended Complaint.

24. The Class Members' work is integral and indispensable to Defendants' core repossession service. Class Members' responsibilities include, inter alia: receiving web-based repossession orders; repossessing or attempting to repossess vehicles consistent with Defendants' customer service guarantees and warranties; following Defendants' specific work rules and regulations; maintaining a professional and courteous manner in accordance with Defendants' standardized rules of conduct; following detailed and standardized company operating procedures that apply to virtually every aspect of the Class Members' employment; and maintaining the vehicles in accordance with Defendants' detailed and company-wide standards and specifications.

**ANSWER:** Defendants admit that the independent contractor repossession agents receive web-based assignments which they are free to accept or decline, that the agents repossess or attempt to repossess vehicles in accordance with the customers' expectations and specifications which are relayed to the agents, and that Defendants provide the repossession agents with guidelines for dealing with the public. Defendants further state that the phrase "integral and indispensable to Defendants' core repossession service" is a legal conclusion to which no answer is required. To the extent an answer to such phrase is required, Defendants deny the allegation. Further answering, Defendants deny each and every allegation contained in

paragraph 24 of the Second Amended Complaint not expressly admitted.

25.     As a mater of economic reality, Class Members are economically dependent on Defendants for their livelihoods and exercise virtually no independent control over their employment.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 25 of the Second Amended Complaint.

26.     Pursuant to Defendants' common business practices, Defendants closely direct and control Class Members' day-to-day activities and virtually all aspects of their employment.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 26 of the Second Amended Complaint.

27.     Pursuant to Defendants' common business practices, Defendants do not require Class Members to make a significant personal investment relative to the investment by Defendants.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 27 of the Second Amended Complaint.

28.     Pursuant to Defendants' common business practices, Class Members' opportunity for profit or loss is determined almost entirely by Defendants, and Class Members have virtually no control over the factors determining their level of profit or loss.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 28 of the Second Amended Complaint.

29.     Pursuant to Defendants' common business practices, Defendants do not require Class Members to possess, obtain or demonstrate specialized skills that are developed independently on the job. Nor do Defendants require Class Members to possess, obtain or

9

demonstrate levels of initiative beyond those required of general members of the workforce. For example, pursuant to Defendants' common business practices, Class Members do not have any control over, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services they provide.

**ANSWER:** Defendants state that the first two sentences of paragraph 29 of the Second Amended Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 29, Defendants admit that the repossession agents are not involved in corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 29 of the Second Amended Complaint.

30. Pursuant to Defendants' common business practices, Class Members generally are employed on a permanent, full-time basis and as a matter of economic reality, they are not able to perform work for other repossession companies.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 30 of the Second Amended Complaint.

31. Pursuant to Defendants' common business practices, Class Members are paid only for completed repossessions. If a Class Member is unable to repossess the vehicle there is no payment for hours expended in an attempted repossession. Class members are paid a flat rate for repossessions, depending on whether it is voluntary or involuntary, regardless of the amount of time involved. During some work weeks, the regular rate of Class Members, eg., the amount paid divided by the number of hours worked, is less than the minimum wage rate required by the FLSA with respect to every Class Member, Defendants justify its non-payment of the minimum

10

wage rate on grounds that Class Members are independent contractors – rather than employees – and, therefore, are not covered by the FLSA's protections.

**ANSWER:** Except to admit that Class Members and all other repossession agents are independent contractors and not employees covered by the FLSA, and that Class Members and all other repossession agents are paid a flat rate for completed repossessions, Defendants deny each and every allegation contained in Paragraph 31 of the Second Amended Complaint.

32. Pursuant to Defendants' common business practices, Class Members regularly work over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. With respect to every Class Member, Defendants justify its non-payment of the overtime premium on grounds that Class Members are independent contractors – rather than employees – and, therefore, are not covered by the FLSA's protections.

**ANSWER:** Except to admit that Class Members and all other repossession agents are independent contractors, and not employees covered by the FLSA, Defendants deny each and every allegation contained in Paragraph 32 of the Second Amended Complaint.

### Facts Pertaining to Gentrup

33. Gentrup was employed by Defendants during the period June 25, 2003 to September 2, 2006, repossessing vehicles.

**ANSWER:** Defendants admit that Gentrup was an independent contractor repossession agent with Recovery One, LLC. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding the time period Gentrup served as an agent, and, therefore, deny same. Defendants deny each and every allegation contained in paragraph 32 of the Second Amended Complaint not expressly admitted.

11

33.[2]   At the commencement of his employment, Gentrup signed Defendants' standardized employment contract and truck agreement.

**ANSWER:**   Except to admit that Gentrup signed an independent contractor agreement with Recovery One, LLC, Defendants deny each and every allegation contained in paragraph 33 of the Second Amended Complaint.

34.   Gentrup performed the duties generally described in paragraphs 23 to 32.

**ANSWER:**   For their answer to paragraph 34 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-32 as if fully set forth herein.

35.   As a matter of economic reality, Gentrup was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:**   Defendants deny each and every allegation contained in paragraph 35 of the Second Amended Complaint.

36.   Defendants closely directed and controlled Gentrup's day-to-day activities and virtually all aspects of his employment.

**ANSWER:**   Defendants deny each and every allegation contained in paragraph 36 of the Second Amended Complaint.

37.   Defendants did not require Gentrup to make a significant personal investment relative to the investment by Defendants.

**ANSWER:**   Defendants deny each and every allegation contained in paragraph 37 of the Second Amended Complaint.

---

[2] Plaintiffs' Second Amended Complaint contains two paragraphs numbered 33.

38.     Gentrup's opportunity for profit or loss was determined almost entirely by Defendants and Gentrup had virtually no control over the factors determining his level of profit or loss.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 38 of the Second Amended Complaint.

39.     Defendants did not require Gentrup to possess, obtain or demonstrate - and Gentrup did not possess, obtain or demonstrate - specialized skills developed independently of the job.

**ANSWER:**     Paragraph 39 of the Second Amended Complaint states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit that Gentrup was not required to possess specialized training or skills independent of those developed while serving as a repossession agent.  Defendants deny each and every allegation contained in paragraph 39 not expressly admitted.

40.     Defendants did not require Gentrup to possess, obtain or demonstrate--and Gentrup did not possess, obtain or demonstrate - levels of initiative beyond those required of general members of the workforce. Gentrup did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:**     The first sentence of paragraph 40 of the Second Amended Complaint states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny such allegations.  Further answering as to the remainder of paragraph 40, Defendants admit that Gentrup was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services.  Defendants deny each and every remaining

13

allegation contained in paragraph 40 of the Second Amended Complaint.

41.    Gentrup was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 41 of the Second Amended Complaint.

42.    Gentrup regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Gentrup was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Gentrup was not an independent contractor for purposes of the FLSA.

**ANSWER:**    Except to admit that Gentrup was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 42 of the Second Amended Complaint.

## Facts Pertaining to Collier

43.    Collier was employed by Defendants for approximately three years until he left his employment in approximately late 2005, repossessing vehicles.

**ANSWER:**    Defendants admit that Collier was an independent contractor repossession agent with Recovery One, LLC. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding the time period Collier served as an agent, and, therefore, deny same.  Defendants deny each and every allegation contained in paragraph 43 of the Second Amended Complaint not expressly admitted.

44.    At the commencement of his employment, Collier signed Defendants' standardized employment contract and truck agreement.

14

**ANSWER:** Except to admit that Collier signed an independent contractor agreement with Recovery One, LLC, Defendants deny each and every allegation contained in paragraph 44 of the Second Amended Complaint.

45. Collier performed the duties generally described in paragraphs 23 to 32.

**ANSWER:** For their answer to paragraph 45 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-32 as if fully set forth herein.

46. As a matter of economic reality, Collier was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 46 of the Second Amended Complaint.

47. Defendants closely directed and controlled Collier's day-to-day activities and virtually all aspects of his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 47 of the Second Amended Complaint.

48. Defendants did not require Collier to make a significant personal investment relative to the investment by Defendants.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 48 of the Second Amended Complaint.

49. Collier's opportunity for profit or loss was determined almost entirely by Defendants and Collier had virtually no control over the factors determining his level of profit or loss.

15

**ANSWER:** Defendants deny each and every allegation contained in paragraph 49 of the Second Amended Complaint.

50. Defendants did not require Collier to possess, obtain or demonstrate--and Collier did not possess, obtain or demonstrate--specialized skills developed independently of the job.

**ANSWER:** Paragraph 50 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Collier was not required to possess specialized training or skills independent of those developed while serving a repossession agent. Defendants deny each and every allegation contained in paragraph 39 not expressly admitted.

51. Defendants did not require Collier to possess, obtain or demonstrate - and Collier did not possess, obtain or demonstrate - levels of initiative beyond those required of general members of the workforce. Collier did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:** The first sentence of paragraph 51 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 51, Defendants admit that Collier was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 51 of the Second Amended Complaint.

52. Collier was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 52 of

16

the Second Amended Complaint.

53.     Collier regularly worked over forty hours per workweek without receiving the time and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Collier was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Collier was not an independent contractor for purposes of the FLSA.

**ANSWER:**     Except to admit that Collier was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 53 of the Second Amended Complaint.

### Facts Pertaining to Fisher

54.     Fisher was employed by Defendants during the period May 10, 2006 to November 2006, repossessing vehicles.

**ANSWER:**     Defendants admit that Fisher was an independent contractor repossession agent with Recovery One, LLC, pursuant to a contract dated May 10, 2006.  Defendants deny each and every allegation contained in paragraph 54 of the Second Amended Complaint not expressly admitted.

55.     At the commencement of his employment, Fisher signed Defendants' standardized employment contract and truck agreement.

**ANSWER:**     Except to admit that Fisher signed an independent contractor agreement with Recovery One, LLC, Defendants deny each and every allegation contained in paragraph 55 of the Second Amended Complaint.

56.     Fisher performed the duties generally described in paragraphs 23 to 32.

**ANSWER:**     For their answer to paragraph 56 of the Second Amended Complaint,

Defendants restate and incorporate by reference their answers to paragraphs 23-31 as if fully set forth herein.

57.     As a matter of economic reality, Fisher was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 57 of the Second Amended Complaint.

58.     Defendants closely directed and controlled Fisher's day-to-day activities and virtually all aspects of his employment.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 58 of the Second Amended Complaint.

59.     Defendants did not require Fisher to make a significant personal investment relative to the investment by Defendants.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 59 of the Second Amended Complaint.

60.     Fisher's opportunity for profit or loss was determined almost entirely by Defendants and Fisher had virtually no control over the factors determining his level of profit or loss.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 60 of the Second Amended Complaint.

61.     Defendants did not require Fisher to possess, obtain or demonstrate--and Fisher did not possess, obtain or demonstrate--specialized skills developed independently of the job.

**ANSWER:**     Paragraph 61 of the Second Amended Complaint states a legal conclusion

18

to which no answer is required. To the extent an answer is required, Defendants admit that Fisher was not required to possess specialized training or skills independent of those developed while serving as a repossession agent. Defendants deny each and every allegation contained in paragraph 61 not expressly admitted.

62. Defendants did not require Fisher to possess, obtain or demonstrate--and Fisher did not possess, obtain or demonstrate -levels of initiative beyond those required of general members of the workforce. Fisher did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:** The first sentence of paragraph 62 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 62, Defendants admit that Fisher was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 62 of the Second Amended Complaint.

63. Fisher was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 63 of the Second Amended Complaint.

64. Fisher regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Fisher was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Fisher was not an independent

contractor for purposes of the FLSA.

**ANSWER:** Except to admit that Fisher was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 64 of the Second Amended Complaint.

### Facts Pertaining to Jones

65. Jones was employed by Defendants during the March 2004 to approximately February 25, 2007, repossessing vehicles.

**ANSWER:** Defendants admit that Jones was an independent contractor repossession agent with Recovery One, LLC. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding the time period Jones served as an agent, and, therefore, deny same. Defendants deny each and every allegation contained in paragraph 65 of the Second Amended Complaint not expressly admitted.

66. At the commencement of his employment, Jones signed Defendants' standardized employment contract and truck agreement.

**ANSWER:** Except to admit that Jones signed an independent contractor agreement with Recovery One, LLC, Defendants deny each and every allegation contained in paragraph 66 of the Second Amended Complaint.

67. Jones performed the duties generally described in paragraphs 23 to 32.

**ANSWER:** For their answer to paragraph 67 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-32 as if fully set forth herein.

68. As a matter of economic reality, Jones was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his

employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 68 of the Second Amended Complaint.

69. Defendants closely directed and controlled Jones's day-to-day activities and virtually all aspects of his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 69 of the Second Amended Complaint.

70. Defendants did not require Jones to make a significant personal investment relative to the investment by Defendants.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 70 of the Second Amended Complaint.

71. Jones's opportunity for profit or loss was determined almost entirely by Defendants and Jones had virtually no control over the factors determining his level of profit or loss.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 71 of the Second Amended Complaint.

72. Defendants did not require Jones to possess, obtain or demonstrate - and Jones did not possess, obtain or demonstrate - specialized skills developed independently of the job.

**ANSWER:** Paragraph 72 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Jones was not required to possess specialized training or skills independent of those developed while serving as a repossession agent. Defendants deny each and every allegation contained in paragraph 72 not expressly admitted.

21

73.     Defendants did not require Jones to possess, obtain or demonstrate - and Jones did not possess, obtain or demonstrate - levels of initiative beyond those required of general members of the workforce. Jones did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:**     The first sentence of paragraph 73 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 73, Defendants admit that Jones was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 73 of the Second Amended Complaint.

74.     Jones was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 74 of the Second Amended Complaint.

75.     Jones regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Jones was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Jones was not an independent contractor for purposes of the FLSA.

**ANSWER:**     Except to admit that Jones was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 75 of the Second Amended Complaint.

## Facts Pertaining to Maupin

76.     Maupin was employed by Defendants during the period November 21, 2002 until March 2005, repossessing vehicles.

**ANSWER:**     Defendants admit that Maupin was an independent contractor repossession agent with Recovery One, LLC.  Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the  allegation regarding the time period Maupin served as a repossession agent, and, therefore, deny same.  Defendants deny each and every allegation contained in paragraph 76 of the Second Amended Complaint not expressly admitted.

77.     At the commencement of his employment, Maupin signed Defendants' standardized employment contract and truck agreement.

**ANSWER:**     Except to admit that Maupin signed an independent contractor agreement with Recovery One, LLC.  Defendants deny each and every allegation contained in paragraph 77 of the Second Amended Complaint.

78.     Maupin performed the duties generally described in paragraphs 23 to 32.

**ANSWER:**     For their answer to paragraph 78 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-32 as if fully set forth herein.

79.     As a matter of economic reality, Maupin was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 79 of the Second Amended Complaint.

80.     Defendants closely directed and controlled Maupin's day-to-day activities and

virtually all aspects of his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 80 of the Second Amended Complaint.

81. Defendants did not require Maupin to make a significant personal investment relative to the investment by Defendants.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 81 of the Second Amended Complaint.

82. Maupin's opportunity for profit or loss was determined almost entirely by Defendants and Maupin had virtually no control over the factors determining his level of profit or loss.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 82 of the Second Amended Complaint.

83. Defendants did not require Maupin to possess, obtain or demonstrate--and Maupin did not possess, obtain or demonstrate - specialized skills developed independently of the job.

**ANSWER:** Paragraph 83 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Maupin was not required to possess specialized training or skills independent of those developed while serving as a repossession agent. Defendants deny each and every allegation contained in paragraph 83 not expressly admitted.

84. Defendants did not require Maupin to possess, obtain or demonstrate - and Maupin did not possess, obtain or demonstrate - levels of initiative beyond those required of general members of the workforce. Maupin did not, for example have any control over or input

24

into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:** The first sentence of paragraph 84 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 84, Defendants admit that Maupin was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 84 of the Second Amended Complaint.

85. Maupin was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 85 of the Second Amended Complaint.

86. Maupin regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Maupin was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Maupin was not an independent contractor for purposes of the FLSA.

**ANSWER:** Except to admit that Maupin was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 86 of the Second Amended Complaint.

## Facts Pertaining to Rice

87. Rice was employed by Defendants during the period from approximately January 15, 2003 to January 23, 2006, repossessing vehicles.

**ANSWER:** Defendants admit that Rice was an independent contractor repossession agent with Recovery One, LLC. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding the time period Rice served as an agent, and, therefore, deny same. Defendants deny each and every allegation contained in paragraph 87 of the Second Amended Complaint not expressly admitted.

88. At the commencement of his employment, Rice signed Defendants' standardized employment contract and truck agreement.

**ANSWER:** Except to admit that Rice signed an independent contractor agreement with Recovery One, LLC, Defendants deny each and every allegation contained in paragraph 88 of the Second Amended Complaint.

89. Rice performed the duties generally described in paragraphs 23 to 32.

**ANSWER:** For their answer to paragraph 89 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-32 as if fully set forth herein.

90. As a matter of economic reality, Rice was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 90 of the Second Amended Complaint.

91. Defendants closely directed and controlled Rice's day-to-day activities and virtually all aspects of his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 91 of the Second Amended Complaint.

92.     Defendants did not require Rice to make a significant personal investment relative to the investment by Defendants.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 92 of the Second Amended Complaint.

93.     Rice's opportunity for profit or loss was determined almost entirely by Defendants and Rice had virtually no control over the factors determining his level of profit or loss.

**ANSWER:**     Defendants deny each and every allegation contained in paragraph 93 of the Second Amended Complaint.

94.     Defendants did not require Rice to possess, obtain or demonstrate - and Rice did not possess, obtain or demonstrate - specialized skills developed independently of the job.

**ANSWER:**     Paragraph 94 of the Second Amended Complaint states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit that Rice was not required to possess specialized training or skills independent of those developed while serving as a repossession agent.   Defendants deny each and every allegation contained in paragraph 94 not expressly admitted.

95.     Defendants did not require Rice to possess, obtain or demonstrate--and Rice did not possess, obtain or demonstrate--levels of initiative beyond those required of general members of the workforce. Rice did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:**     The first sentence of paragraph 95 of the Second Amended Complaint states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny such allegations.   Further answering as to the remainder of paragraph 95,

27

Defendants admit that Rice was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 95 of the Second Amended Complaint.

96. Rice was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 96 of the Second Amended Complaint.

97. Rice regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Rice was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Rice was not an independent contractor for purposes of the FLSA.

**ANSWER:** Except to admit that Rice was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 97 of the Second Amended Complaint.

## Facts Pertaining to Schwartz

98. Schwartz was employed by Defendants during the period October 2004 to January 12, 2007, repossessing vehicles.

**ANSWER:** Defendants admit that Schwartz was an independent contractor repossession agent with Recovery One, LLC. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding the time period Schwartz served as an agent, and, therefore, deny same. Defendants deny each and every allegation contained in paragraph 98 of the Second Amended Complaint not expressly admitted.

99.    At the commencement of his employment, Schwartz signed Defendants' standardized employment contract and truck agreement.

**ANSWER:**    Except to admit that Schwartz signed an independent contractor agreement with Recovery One, LLC,  Defendants deny each and every allegation contained in paragraph 99 of the Second Amended Complaint.

100.    Schwartz performed the duties generally described in paragraphs 23 to 32.

**ANSWER:**    For their answer to paragraph 100 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-32 as if fully set forth herein.

101.    As a matter of economic reality, Schwartz was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 101 of the Second Amended Complaint.

102.    Defendants have closely directed and controlled Schwartz's day-to-day activities and virtually all aspects of his employment.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 102 of the Second Amended Complaint.

103.    Defendants did not require Schwartz to make a significant personal investment relative to the investment by Defendants.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 103 of the Second Amended Complaint.

104.    Schwartz's opportunity for profit or loss was determined almost entirely by

29

Defendants and Schwartz had virtually no control over the factors determining his level of profit or loss.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 104 of the Second Amended Complaint.

105. Defendants did not require Schwartz to possess, obtain or demonstrate – and Schwartz did not possess, obtain or demonstrate - specialized skills developed independently of the job.

**ANSWER:** Paragraph 105 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Schwartz was not required to possess specialized training or skills independent of those developed while serving as a repossession agent. Defendants deny each and every allegation contained in paragraph 105 not expressly admitted.

106. Defendants did not require Schwartz to possess, obtain or demonstrate – and Schwartz did not possess, obtain or demonstrate - levels of initiative beyond those required of general members of the workforce. Schwartz did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:** The first sentence of paragraph 106 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 106, Defendants admit that Schwartz was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 106 of the Second Amended Complaint.

30

107.    Schwartz was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 107 of the Second Amended Complaint.

108.    Schwartz regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Schwartz was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Schwartz was not an independent contractor for purposes of the FLSA.

**ANSWER:**    Except to admit that Schwartz was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 108 of the Second Amended Complaint.

### Facts Pertaining to Stevens

109.    Stevens was employed by Defendants during the period December 4, 2003 to May 2006 and from January 2007 to late February 2007, repossessing vehicles.

**ANSWER:**    Defendants admit that Stevens was an independent contractor repossession agent with Recovery One, LLC.  Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the  allegation regarding the time period Stevens served as an agent, and, therefore, deny same.  Defendants deny each and every allegation contained in paragraph 109 of the Second Amended Complaint.

110.    At the commencement of his employment, Stevens signed Defendants' standardized employment contract and truck agreement.

**ANSWER:**    Except to admit that Stevens signed an independent contractor agreement

with Recovery One, LLC, Defendants deny each and every allegation contained in paragraph 110 of the Second Amended Complaint.

111.    Stevens performed the duties generally described in paragraphs 23 to 32.

**ANSWER:**    For their answer to paragraph 111 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-31 as if fully set forth herein.

112.    As a matter of economic reality, Stevens was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 112 of the Second Amended Complaint.

113.    Defendants closely directed and controlled Stevens's day-to-day activities and virtually all aspects of his employment.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 113 of the Second Amended Complaint.

114.    Defendants did not require Stevens to make a significant personal investment relative to the investment by Defendants.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 114 of the Second Amended Complaint.

115.    Stevens's opportunity for profit or loss was determined almost entirely by Defendants and Stevens had virtually no control over the factors determining his level of profit or loss.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 115 of

32

the Second Amended Complaint.

116. Defendants did not require Stevens to possess, obtain or demonstrate - and Stevens did not possess, obtain or demonstrate - specialized skills developed independently of the job.

**ANSWER:** Paragraph 116 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Stevens was not required to possess specialized training or skills independent of those developed while serving as a repossession agent. Defendants deny each and every allegation contained in paragraph 116 not expressly admitted.

117. Defendants did not require Stevens to possess, obtain or demonstrate--and Stevens did not possess, obtain or demonstrate - levels of initiative beyond those required of general members of the workforce. Stevens did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:** The first sentence of paragraph 117 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 117, Defendants admit that Stevens was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 117 of the Second Amended Complaint.

118. Stevens was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 118 of

the Second Amended Complaint.

119. Stevens regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Stevens was an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Stevens was not an independent contractor for purposes of the FLSA.

**ANSWER:** Except to admit that Stevens was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 119 of the Second Amended Complaint.

## Facts Pertaining to Oliver

120. Oliver was employed by Defendants during the period May 2005 to May 2006 and from February 2007 to May 31, 2007, repossessing vehicles.

**ANSWER:** Defendants admit that Oliver was an independent contractor repossession agent with Recovery One, LLC. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding the time period Oliver served as an agent, and, therefore, deny same. Defendants deny each and every allegation contained in paragraph 120 of the Second Amended Complaint not expressly admitted.

121. At the commencement of his employment, Oliver signed Defendants' standardized employment contract and truck agreement.

**ANSWER:** Except to admit that Oliver signed an independent contractor agreement with Recovery One, LLC, Defendants deny each and every allegation contained in paragraph 121 of the Second Amended Complaint.

122. Oliver performed the duties generally described in paragraphs 23 to 32.

34

**ANSWER:** For their answer to paragraph 122 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to paragraphs 23-32 as if fully set forth herein.

123. As a matter of economic reality, Oliver was economically dependent upon Defendants for his livelihood and exercised virtually no independent control over his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 123 of the Second Amended Complaint.

124. Defendants closely directed and controlled Oliver's day-to-day activities and virtually all aspects of his employment.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 124 of the Second Amended Complaint.

125. Defendants did not require Oliver to make a significant personal investment relative to the investment by Defendants.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 125 of the Second Amended Complaint.

126. Oliver's opportunity for profit or loss was determined almost entirely by Defendants and Oliver had virtually no control over the factors determining his level of profit or loss.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 126 of the Second Amended Complaint.

127. Defendants did not require Oliver to possess, obtain or demonstrate - and Oliver did not possess, obtain or demonstrate-specialized skills developed independently of the job.

35

**ANSWER:** Paragraph 127 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Oliver was not required to possess specialized training or skills independent of those developed while serving as a repossession agent. Defendants deny each and every allegation contained in paragraph 127 not expressly admitted.

128. Defendants did not require Oliver to possess, obtain or demonstrate and Oliver did not possess, obtain or demonstrate - levels of initiative beyond those required of general members of the workforce. Oliver did not, for example have any control over or input into, *inter alia,* the advertising, marketing, pricing or scheduling of the repossession services that he provided for Defendants.

**ANSWER:** The first sentence of paragraph 128 of the Second Amended Complaint states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny such allegations. Further answering as to the remainder of paragraph 128, Defendants admit that Oliver was not involved with corporate level decisions as to advertising, marketing or pricing of the repossession services. Defendants deny each and every remaining allegation contained in paragraph 128 of the Second Amended Complaint.

129. Oliver was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other repossession companies.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 129 of the Second Amended Complaint.

130. Oliver regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Oliver was an independent contractor and, therefore,

not covered by the FLSA's protections. In fact, however, Oliver was not an independent contractor for purposes of the FLSA.

**ANSWER:** Except to admit that Oliver was an independent contractor, and not an employee covered by the FLSA, Defendants deny each and every allegation in paragraph 130 of the Second Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

131. Named Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a nationwide collective action on behalf of repossession agents who worked in the United States for Defendant Renovo Services LLC and its subsidiaries as purported independent contractors during the following time periods; from June 4, 2004 to date for Recovery One LLC; from January 3, 2006 to date for Ascension Recover LLC; and from March 7, 2006 to date for Cyber Asset Recovery LLC.

**ANSWER:** Defendants admit that Plaintiffs purport to bring this lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the group of individuals they have identified for the time periods specified. Further answering, Defendants deny each and every allegation contained in paragraph 131 of the Second Amended Complaint not expressly admitted.

132. Named Plaintiffs and the above-defined class of workers are similarly situated, as that term is defined in 29 U.S.C. §2l6(b) because, *inter alia,* Class Members worked pursuant to Defendants' previously-described common business practice; and as a result of such practices, were not paid the legally-mandated overtime premium or minimum wage rate due to Defendants' misclassification of them as independent contractors.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 132 of

37

the Second Amended Complaint.

## COUNT ONE

133. All previous paragraphs are incorporated as if fully set forth herein.

**ANSWER:** For their answer to paragraph 133 of the Second Amended Complaint, Defendants restate and incorporate by reference their answers to all previous paragraphs as if fully set forth herein.

134. The FLSA requires covered employees to be compensated for every hour worked in the workweek. *See* 29 U.S.C. § 206(b), which requires that covered employees be paid the minimum wage rate in effect under 29 U.S.C. § 206(a).

**ANSWER:** Paragraph 134 of the Second Amended Complaint states a legal conclusion to which no answer by the Defendants is required.

135. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half-times" the employee's regular rate of pay for all hours worked over 40 in the workweek. *See* U.S.C. § 207(a)(1).

**ANSWER:** Paragraph 135 of the Second Amended Complaint states a legal conclusion to which no answer by the Defendants is required.

136. Named Plaintiffs and the Class are covered employees entitled to the FLSA's protections.

**ANSWER:** Defendants deny each and every allegation contained in paragraph 136 of the Second Amended Complaint.

137. Defendants are covered employers required to comply with the FLSA.

**ANSWER:** Except to admit that Defendants are required to comply with the FLSA

where applicable, Defendants deny each and every allegation contained in paragraph 137 of the Second Amended Complaint.

138.    Defendants have violated the FLSA with respect to Named Plaintiffs and the Class by failing to pay them the minimum wage rate required by the FLSA.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 138 of the Second Amended Complaint.

139.    Defendants have violated the FLSA with respect to Named Plaintiffs and the Class by failing to pay Plaintiffs and the Class the legally-mandated overtime premium for hours worked over 40 in a workweek.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 139 of the Second Amended Complaint.

140.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**ANSWER:**    Defendants deny each and every allegation contained in paragraph 139 of the Second Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief based on themselves and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B.    A judgment declaring Defendants' classification of Plaintiffs and other Class Members as independent contractors to be unlawful;

C.    An injunction prohibiting Defendants from engaging in future violations of the

39

FLSA;

D.     Monetary damages to the fullest extent permitted under federal law;

E.     Liquidated damages to the fullest extent permitted under federal law;

F.     Liquidated costs, expenses and attorneys' fees to the fullest extent permitted under federal law; and

G.     Such other and further relief as this Court deems just and proper.

**ANSWER TO PRAYER FOR RELIEF:** Defendants deny that Plaintiffs, Class Members, or any putative class members are entitled to any of the relief requested in their Prayer for Relief.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiffs' claims are barred because Plaintiffs were independent contractors, and not employees of any of the Defendants.

2.     Plaintiffs' claims are barred, in whole or in part, by the limitations periods applicable under the FLSA.

3.     Plaintiffs' claims for liquidated damages are barred because Defendants at all times had a good faith, reasonable belief that the repossession agents were independent contractors not subject to the requirements of the FLSA.

4.     Plaintiffs' claims are barred, in whole or in part, by the motor carrier exemption provided for in Section 13(b)(1) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 213(b)(1)), as amended from time to time.

5.     Plaintiffs' claims are barred by the doctrine of laches.

6.     Plaintiffs' claims are barred, in whole or in part, because Defendants received no notice of any potential FLSA violations.

WHEREFORE, Defendants respectfully request that the Court dismiss the Second Amended Complaint with prejudice, award Defendants their reasonable costs and attorneys' fees, and provide Defendants with such other relief as the Court deems just and equitable.

Dated: December 30, 2009               Respectfully submitted,

                          By:    /s/ Joel W. Rice           
                                 Attorney for Defendants

Craig R. Annunziata
Joel W. Rice (Ohio Bar No. 0033630)
Brian K. LaFratta
FISHER & PHILLIPS LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061

Chicago 105421.1

## CERTIFICATE OF SERVICE

I, Joel W. Rice, hereby certify that on December 30, 2009, I electronically filed the foregoing Defendants' Answer and Affirmative Defenses to Plaintiffs' Collective Action Second Amended Complaint, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Deborah R. Grayson
> Bruce H. Meizlish
> MEIZLISH & GRAYSON
> 830 Main Street, Suite 999
> Cincinnati, OH 45202

thereby serving the same upon them.

/s/ Joel W. Rice

Chicago 105421.1