**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER L. GENTRUP, et al.                    :
                                                                                    Case No. 1:07CV430
                                    Plaintiffs,               :

                                                                      :          Judge Timothy S. Black
  vs.
                                                                      :

RENOVO SERVICES, LLC, et al.                       :

                          Defendants                     :

**JOINT MOTION FOR ORDER: (1) APPROVING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS;(2) APPROVING NOTICES OF SETTLEMENT AGREEMENT; AND (3) APPROVING SETTLEMENT OF ATTORNEYS' FEES AND COSTS**

Plaintiffs and Defendants jointly move for approval of a Settlement Agreement and

Release of Claims reached by the parties resolving all of the Plaintiffs' claims in the Complaint

and Amended Complaint.  The Settlement gives all Plaintiffs the opportunity to participate and

receive payments based on the number of months they provided services to Defendants. The

terms of the Settlement are fully explained in the Notices of Settlement Agreement, for which

approval is also sought.  In a separate agreement, the parties resolve all of Plaintiffs' claims for

attorney fees and costs in this proceeding.  By agreement of the parties, both the Settlement

Agreement and Release of Claims (Ex.1) and the Settlement of Attorneys' Fees and Costs (Ex.2)

are filed under seal.  The Notices are attached to the Motion.( Exs. 3 and 4).   This Motion is

supported by the Affidavits of Counsel provided by counsel for Plaintiffs and Defendants.

     A Memorandum in Support of the motion follows.

1

Respectfully submitted,

BY: s/Deborah R. Grayson                    BY:   s/Joel W. Rice
Deborah R. Grayson                          Joel W. Rice
Ohio Bar #0062777                           Ohio Bar #003630
Bruce H. Meizlish                           Craig R. Annunziata
Ohio Bar #0033361                           Peter J. Gillespie
                                            Appearing Pro Hac Vice


Attorney for Plaintiffs                     Attorneys for Defendants


MEIZLISH & GRAYSON                          FISHER & PHILLIPS
830 Main Street, Suite 999                  140 South Dearborn Street, Suite 1000
Cincinnati, OH 45202                        Chicago, IL 60603
Telephone: (513) 345-4700                   Telephone: (312) 346-8061


## CERTIFICATE OF SERVICE

I, Deborah R Grayson, hereby certify that on June 10, 2011 the foregoing Joint Motion

was electronically filed with the Clerk of Courts which will send notification of this filing to all

counsel of record, thereby serving the same upon them.

  s/Deborah R. Grayson

**MEMORANDUM  IN SUPPORT OF JOINT MOTION FOR ORDER: (1)APPROVING SETTLEMENT AND RELEASE OF CLAIMS; (2) APPROVING NOTICES OF SETTLEMENT AGREEMENT; AND (3) APPROVING SETTLEMENT   OF ATTORNEYS' FEES ANC COSTS**

## I.  INTRODUCTION

Plaintiffs and Defendants are requesting the approval of a Settlement Agreement and Release of Claims resolving a complex case which has been pending for several years. The Settlement was reached after substantial discovery and is the product of arms length negotiations. The proposed Notices of Settlement-- one version to be sent to the eight named Plaintiffs and the other to be sent to the 98 opt-in Plaintiffs-- explain the terms of the Settlement in plain, understandable language and the attached Settlement Acceptance and Release gives each Plaintiff the opportunity to participate.  The parties recommend the Settlement on the grounds that it is fair and reasonable and resolves a bona fide dispute arising under the Fair Labor Standards Act,  29 U.S.C. §201, et seq. Individual settlement amounts will be based on months of service, an equitable method of distribution. A modest class representative fee is provided for lead Plaintiff Christopher Gentrup. Fees and costs are the subject of a separate Settlement of Attorney Fees and Costs and the payments called for are reasonable.  For these reasons, approval of the two Settlement Agreements and the Notices  is appropriate.

## II.  BACKGROUND

### A.  History of the Case

On June 4, 2007, Christopher Gentrup and eight other Plaintiffs filed a lawsuit against Renovo Services, LLC, and its subsidiaries, Recovery One, LLC; Cyber Asset Recovery, LLC;

and Ascension Recovery, LLC ("Defendants"), alleging that Defendants violated Section

207(a)(1) of the FLSA by failing to pay them overtime by misclassifying them as independent

contractors. (Doc.1)  The Defendants filed their Answer on August 6, 2007, denying any liability

and affirmatively asserting that they had properly classified the Plaintiffs as independent

contractors who were not subject to the requirements of the FLSA. (Doc. 22).   On August 7,

2008, Defendants amended their Answer to additionally assert that the Plaintiffs' claims were

barred, in whole or in part, by the motor carrier exemption provided for in §13(b)(1) of the

FLSA. (Doc.169) On December 16, 2009, Plaintiffs were permitted to add Renaissance Recovery

Solutions, LLC, as an additional Defendant and to add a claim that Defendants failed to pay

Plaintiffs minimum wages as required by Section 207(a)(1) of the FLSA. (Doc. 193)

The Plaintiffs filed a Motion for Conditional Certification on September 26, 2007, (Doc.

26),  which was granted on January 24, 2008 (Doc. 58) Court-Approved Notice was sent

beginning March 26, 2008, to repossession agents who had worked for Recovery One during the

past three years and to repossession agents who had worked for Defendant Ascension Recovery

and Defendant Cyber Asset Recovery from the date of their acquisition by Renovo (January 3,

2006, and March 7, 2006, respectively.)  Joining the named Plaintiffs were 108 Plaintiffs who

opted into the proceeding by filing Consents, primarily in response to the Notice to the class.

Through the course of discovery, eleven Plaintiffs,[1] were dismissed for failure to cooperate in

discovery, leaving a total of 106 Plaintiffs currently in the case.

---

[1] Opt-in Plaintiffs Raymond E. Little, Craig Lavalais, Jeremy Gohlstin, Kristin L. Zollars, Shawn Grimes, Brian Guyton, Arthur Scott Ramsey, Shannon Whitaker, Greg McDaniels, Steven Latham and named-Plaintiff, Fred Schwartz.

B. <u>**Summary of Plaintiffs' Claims**</u>

The Plaintiffs allege that they were misclassified by Defendants as independent contractors. As a matter of economic reality, Plaintiffs contend they were dependent upon Defendants for their livelihood and exercised virtually no independent control over their work. The Plaintiffs were paid a flat fee for a completed repossession, which varied in amount, depending on whether it was voluntary or involuntary. The same fee was paid regardless of the time spent. Agents regularly worked over forty hours per work week but there was no additional payment for these hours, which Plaintiffs contend is required by the FLSA. There was no payment if the agent did not accomplish the repossession. In their Second Amended Complaint, the Plaintiffs contend that the payments they received under this piece rate system were not always sufficient to meet the FLSA's requirement for payment of minimum wages.

C. <u>**Summary of Defendants' Defenses**</u>

Defendants have at all times contended that Plaintiffs were independent contractors. The repossession agents entered into Independent Recovery Contractor Agreements and Defendants paid the agents consistent with that status, making no payroll deductions and issuing 1099's for tax purposes. The Plaintiffs were responsible for their own taxes, insurance and benefits. They performed their services in an independent manner with very little direction. Agents had the ability to hire their own employees for whom they were financially responsible, and could turn down assignments. Defendants also contend that the named-Plaintiffs and class members were not similarly-situated to one another and intended to challenge the conditional certification of the class in a motion for decertification. Even if the Plaintiffs were found to be employees, Defendants contend that many or all of the Plaintiffs would not be covered by the overtime

requirements of the FLSA because they were subject to the motor carrier exemption.[2]
Defendants contend that they can establish the necessary requirements for the exemption as: (1)
They are "motor carriers" or "private motor carriers"; (2) who transport property primarily by
"commercial motor vehicles" (vehicles with a gross vehicle weight rating of in excess of 10,000
pounds); and (3) the activities of the repossession agents affected highway safety and involved
interstate commerce. Defendants intend to establish that a large percentage of the class operated
commercial motor vehicles and were engaged in interstate commerce by crossing state lines in
connection with their work, were "subject to" crossing state lines, or were indirectly engaged in
interstate commerce as part of a practical continuity of movement of products in interstate
commerce.

### D. Current Status of the Case

On August 31, 2010, this Court issued its Calender Order, setting a discovery deadline of
May 31, 2011, with a decertification motion deadline of July 15, 2011 and a dispositive motion
deadline of December 30, 2011. (Doc. 204) There has been substantial discovery in this case
over the course of several years. Written discovery and document productions occurred in
connection with the Motion for Conditional Certification. After Defendants added their
affirmative defense of the motor carrier exemption, additional discovery, both formal and
informal, was conducted in anticipation of a motion directed solely at this defense. The parties
filed a lengthy, fact-intensive Agreed Stipulations on September 30, 2009, in which they agreed

---

[2] The exemption is found at §13(b)(1) of the FLSA, but the requirements are discussed in regulations of the Departments of Labor and Transportation, and other administrative agencies as well as case law. *See e.g., Musarra v. Digital Dish, Inc*. 454 F. Supp.2d 692, 705 (S.D. Ohio 2006).

6

to the dates of service, vehicles driven, and interstate repossessions of most of the Plaintiffs. (Doc. 182)   After Plaintiffs amended their Complaint to add the minimum wage allegation, Defendants chose not to file a stand-alone motion on the exemption, and additional discovery proceeded on the merits and decertification issues. Thousands of pages of documents have been produced and several depositions were scheduled, but were canceled when settlement appeared imminent.

III.  **SETTLEMENT HISTORY**

The parties have attempted at several junctures to settle the allegations in this case prior to achieving success.  Plaintiffs' counsel and Plaintiff Gentrup traveled to Chicago on July 1, 2009, for a full-day mediation conducted by attorney Douglas M. Werman with Defendants' counsel and representatives from Renovo.  Mediation briefs were exchanged, as well as various proposals for calculating losses of the Plaintiffs.  Ultimately, although some progress was made, this effort was unsuccessful. (Declaration of Joel W. Rice, ¶ 7; Declaration of Bruce H. Meizlish, ¶ 19).  In the spring of 2011, counsel for Plaintiffs and Defendants exchanged a variety of written and oral proposals and were able to reach agreement on the terms of a settlement.

IV.  **TERMS OF THE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

　　　A.  **Monetary Relief to the Plaintiffs**

1. <u>Settlement Amount:</u> Defendants have agreed to pay a fixed overall settlement amount which will be used to pay the individual payments to all Plaintiffs who timely respond and return a Settlement Acceptance and Release. Defendants will pay the overall amount in eight quarterly installment payments, seven of an equal amount and the eighth, slightly less.

2.  <u>Formula</u>: Plaintiffs will be paid according to a formula based on eligible months of service while working for Defendants. The eligible period for calculating months of service will begin, according to the Court's previous rulings, with the acquisition dates of Ascension Recovery and Cyber Asset Recovery (January 3, 2006 and March 7, 2006, respectively) and for Recovery One, the date three years prior to notice (March 26, 2005).  In light of the maximum three-year statute of limitations for FLSA claims, no months of service will be compensable if occurring three or more years prior to the Plaintiff's consent.  The eligible period will end with the month that the parties can establish a final repossession, as reflected by the Stipulations or other evidence. The Plaintiffs have calculated a maximum of 1,121.50 eligible months of service. (Dec. of Meizlish,  ¶ 22).

3. <u>Payments</u>: If a Plaintiff does not accept the settlement by returning the Settlement Acceptance and Release, the amount to which that Plaintiff would be entitled will be redistributed among the Plaintiffs participating in the settlement.  In light of the Defendants' position and practice of paying the Plaintiffs as independent contractors, the payments will be made without tax withholdings and followed by issuance of a  Form 1099. Defendants will mail the checks directly to the participating Plaintiffs.

**B. <u>Releases</u>**

In return for their settlement payments, the named Plaintiffs will be asked to sign a full release of claims connected to their employment, and a more limited release of claims which were or could have been asserted in the Complaint and Amended Complaint concerning their wages.  The opt-in Plaintiffs will be asked to sign only the limited release of claims.  Both notices will be accompanied by an identical Settlement Acceptance and Release. By returning

this form, both the named and opt-in Plaintiffs will be deemed to have released their claims as set forth in the respective Notices of Settlement Agreement.

### C. **Class Representative Fee**

The settlement provides for Plaintiff Christopher Gentrup to receive an additional amount as a class representative fee for services rendered to the class, including his participation in the unsuccessful mediation in Chicago and his assistance to counsel. This amount is in addition to any other recovery to which Mr. Gentrup would be entitled under the settlement. The service payment is supported by the Declaration of Plaintiff's counsel (Dec. of Meizlish, ¶ 26.).

## V. POSITION OF COUNSEL

Plaintiffs' counsel have evaluated the merits of Plaintiffs' claims and the impact of the settlement on Plaintiffs. Although counsel believes that Plaintiffs would eventually prevail in maintaining this case as a collective action and prevail on the merits, Plaintiffs' counsel have also considered factors such as substantial risks of continued litigation, particularly Defendants' motor carrier defense, and the challenges of establishing damages where there are few records of actual hours worked since Defendants did not maintain records of the hours worked by Plaintiffs. Plaintiffs' counsel acknowledges the possibility that the case, if not settled now, might not result in any recovery for all or part of the class, or a recovery several years from now which is less favorable than that offered by the settlement. (Dec. of Meizlish, ¶ 25 ). In light of these considerations, Plaintiffs' counsel believes that the terms of the settlement are fair and reasonable and in the best interests of the Plaintiffs. (Dec. of Meizlish, ¶ 25 ).

Although Defendants believe that they have not violated the Fair Labor Standards Act or any other state or federal law by their payment practices, Defendants have concluded that it is in the company's best interests to resolve and settle this litigation pursuant to the settlement. Should

this case continue, Defendants anticipate substantial costs connected to additional discovery, briefing on decertification and summary judgment, and potentially a lengthy trial. Defendants are agreeing to the settlement to avoid the burden, expense and uncertainty of continued litigation. (Dec. of Rice, ¶ 10 ). Defendants also believe that the settlement is fair and reasonable under all the circumstances. (Dec. of Rice, ¶ 11 ).

## VI.  TERMS OF THE SETTLEMENT OF ATTORNEY FEES AND COSTS

The parties have resolved all claims for attorney fees and costs in a separate Settlement of Attorney Fees and Costs. Accordingly, the Plaintiffs will receive their unpaid overtime and/or minimum wages without deduction for attorney fees. The requested fees and costs are supported by the Declaration of Plaintiff's counsel ( Dec. of Meizlish, ¶¶'s 27-51 ).

## VII.  ARGUMENT

### A.  <u>Standards for Approval of an FLSA Settlement</u>

The FLSA's provisions requiring payment of minimum wage and overtime are mandatory and the only circumstances in which such claims may be compromised are: (1) settlement agreements supervised by the Department of Labor; or (2) a settlement of a private action for back wages approved by a federal district court.[3] The Court's role in the approval of a settlement of FLSA claims is in many ways comparable to, but in other ways quite distinguishable from, that of a court in approving the settlement of a class action brought pursuant to Fed. R. Civ.P. 23, and derives from the special character of the substantive labor rights involved. [4] In approving the

_____

[3] *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)

[4] *Crawford v. Lexington-Fayette Urban County Gov't.,* 2008 U.S. Dist. LEXIS 90070 at *11, 2008 WL 4723399, at *3 (E.D. Ky. Oct 23, 2008)(citations omitted)

settlement of FLSA claims, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute of FLSA provisions."[5]

1. A Bona Fide Dispute Exists

The pleadings in this case, including the contested Motion for Conditional Certification, establish that a bona fide dispute exists. Plaintiffs have maintained that Defendants have misclassified them and failed to pay them overtime and minimum wages for their hours of work. Defendants contend that the Plaintiffs are appropriately classified as independent contractors and that they have complied with all applicable wage laws affecting the Plaintiffs. Defendants' affirmative defenses to liability, including especially the motor carrier defense, could have the effect of significantly reducing the number of Plaintiffs in this case and raise the prospect of disputes as to liability for overtime to all Plaintiffs. The disputes could affect the rights of recovery in whole or in part for each Plaintiff. The bona fide dispute justifies settlement of the claims.[6]

2. The Terms of the Settlement are Fair and Reasonable

The Sixth Circuit has identified a number of factors to aid the court in determining whether a class action settlement is "fair, reasonable and adequate." These factors are also considered in determining whether the settlement of FLSA claims is "fair and reasonable." [7] The factors cited by the Circuit include: (1) the risk of fraud or collusion; (2) the complexity, expense

---

[5] *Lynn's Food Stores, Inc.*, 679 F.2d at 1355

[6] See *Rotuna v. West Customer Mgmt Group, LLC,* 2010 U.S. Dist. LEXIS 58912 at *14 (N.D. Ohio June 15, 2010)

[7] *Crawford,* 2008 U.S. Dist. LEXIS 90070 at *21-31; *Rotuna,* 2010 U.S. Dist. LEXIS 58912 at *15-16; *Dillworth v. Case Farms Processing, Inc.,* 2010 U.S. Dist. LEXIS 20446 at *14 (N.D. Ohio Mar. 10, 2010)

and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. [8]

The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.[9]  In certain cases, a court may consider each factor individually.  "More often, however, inquiry into one factor necessarily overlaps with inquiry into another."[10]

In the case at hand, there is no risk of fraud or collusion, as counsel for the parties have been vigorously litigating this matter for four years. The courts presume the absence of fraud or collusion, unless there is evidence to the contrary. [11]  There is none here. Ultimately, the primary test of collusion is whether the settlement itself is fair, adequate and reasonable.[12]

This case presents extremely complex issues, both with respect to the independent contractor issue, as well as the motor carrier exemption.  Rulings on dispositive motions would not occur until 2012, and the trial, even if conducted through representative testimony, would likely take weeks, particularly if liability and damages are litigated in the same proceeding.

---

[8]*Int'l Union, United Auto, Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992)

[9]*Redington v. Goodyear Tire & Rubber Co.,* 2008 U.S. Dist. LEXIS 64639, 2008 WL 3981461 at *11 (N.D. Ohio Aug. 23, 2008) citing *Granada*, 962 F.2d at 1205-06.

[10]*In re Cincinnati Policing,* 209 F.R.D. 395, 400 (S.D. Ohio 2002)

[11]*UAW v. General Motors Corp.*, Case 05-cv-73991-DT, 2006 U.S. LEXIS 14890, 2006 WL 89115 at *21 (E. D. Mich. Mar. 31, 2006) (cites omitted)

[12]*Bailey v. AK Steel Corp.*, 1:06-cv-468, 2008 U.S. Dist. LEXIS 16704 at *11 (S. D. Ohio Feb. 21, 2008) citing *White v. Morris*, 811 F. Supp. 341, 343 (S. D Ohio 1992)

"The likelihood of success. . . . provides a gauge from which the benefits of the settlement must be measured."[13]  The ultimate question is whether the plaintiffs are better served if the litigation is resolved by the settlement rather than pursued. [14] The Court is not required to determine if the settlement is the fairest possible resolution of the claims of each plaintiff, but rather whether the settlement taken as a whole is fair, adequate, and reasonable. The risks posed by Defendants' position on the independent contractor issue, and the motor carrier affirmative defense to Plaintiffs' claims, justify a compromise settlement which provides a settlement payment to all Plaintiffs.

Substantial discovery has already been completed on the issues of the appropriateness of certification, independent contractor status, the motor carrier exemption and damages. The fact that both Plaintiffs' and Defendants' counsel believe that the settlement is fair  and reasonable weighs in favor of approving the agreement.[15]  Courts are particularly likely to defer to the judgement of experienced trial counsel where significant discovery has been completed. [16]

Plaintiffs' counsel have advised the Plaintiff class of a tentative settlement and proposed installment payments based on months of service. Counsel for Plaintiffs have received no objections, even though the individual amounts currently are unknown.  In fact, responses from the Plaintiffs have been positive.  (Dec. of Meizlish,  ¶ 24 )

---

[13] *General Tire & Rubber Co .Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir., 1984)

[14] *UAW v. General Motors Corp.*, Case 05-cv-73991-DT, 2006 U.S. LEXIS 14890, 2006 WL 89115 at *15 (E. D. Mich. Mar. 31, 2006)

[15] *Worthington v. CDW Corp.,* 2006 U.S. Dist. LEXIS 32100 at *13 (S.D. Ohio May 22, 2006)

[16] *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983)

13

 Given the factual and legal complexity of issues in this case, there is no guarantee that Plaintiffs will prevail at trial and the litigation could continue for years.  In contrast, the settlement assures that the Plaintiffs will receive significant compensation.  Given the uncertainties surrounding the possible trial in this matter, the certainty and finality that come with settlement also weigh in favor of a ruling approving the settlement.  Such a ruling promotes the public interest in encouraging the settlement of litigation.[17]

The relevant factors individually and collectively weigh in favor of a finding that the settlement is fair and reasonable and that it resolves a bona fide dispute over the FLSA claims.

### B. The Notices of Settlement Agreement should be Approved

Attached to the Memorandum are two Notices of Settlement Agreement, one to be sent to the eight remaining named Plaintiffs ( Ex. 3)  and the second to be sent to all Plaintiffs who joined the lawsuit by filing a Consent. (Ex. 4). The Notices differ only at Section IV. Releases, the Notice for named-Plaintiffs containing a full release, and the Notice for opt-in Plaintiffs containing a more restricted release. The Notices describe the background of the case and settlement and summarize the terms of the settlement including the payment of the individual settlement amounts in return for the Plaintiff's release.  It advises the Plaintiffs how to participate by returning the attached Settlement Acceptance and Release. The Notices are written in plain and understandable language. The parties request approval of the Notices as drafted.  If approved, the Notices will be sent to Plaintiffs by first class mail, and where possible, by email.

---

[17]*Rotuna,* 2010 U.S. Dist. LEXIS 58912 at *16, citing *Crawford,* 2008 U.S. Dist. LEXIS 90070, 2008 WL 4723399 at *9; *Dillworth,* 2010 U.S. Dist. LEXIS 20446 at *15, also citing *Crawford.*

### C.  **Payment of the Class Representative Service Fee is Appropriate**

The Sixth Circuit has observed that representative service payments or awards to Class

Representatives may be appropriate in some cases, but has not specified the appropriate

circumstances.[18]  District courts within the Sixth Circuit have considered the following factors in

determining whether to approve service awards:

> 1.  The action taken by the Class Representatives to protect the interest of Class Members
> and others and whether these actions resulted in a substantial benefit to Class Members;
>
> 2.  Whether the Class Representatives assumed substantial and direct and indirect
> financial risk; and
>
> 3.  The amount of time and effort spent by the Class Representatives to sustain the
> litigation.[19]

The service payment of $2500 sought for lead Plaintiff Christopher Gentrup is extremely

modest and reasonable. Mr. Gentrup gathered information about the potential claims of the class

and the nature of Defendants' business. He assisted counsel in analyzing the facts supporting

their legal arguments. (Dec. of Meizlish, ¶ 26 ). He gave several declarations in support of

motions filed by Plaintiffs. He worked with counsel in preparing for the mediation in this case in

July 2009 and at his own expense, drove to Chicago and rented a hotel room to participate in the

mediation efforts. (Dec. of Meizlish, ¶ 26 ). With the assistance of Mr. Gentrup, the class  as a

whole will benefit from a significant financial recovery.

### D.  **The Settlement of Attorneys' Fees and Costs Should be Approved.**

Defendants have agreed to pay the Plaintiffs' attorney fees and costs as set forth in a

---

[18] *Hadix v. Johnson,* 322 F. 3d 895, 897-98 (6th Cir. 2003)

[19] *Enterprise Energy Corp. v. Columbia-Transmission Corp.,* 137 F.R.D. 240, 250 (S.D.
Ohio 1991)

separate Settlement of Attorney Fees and Costs filed under seal. Pursuant to §216(b) of the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." [20] Although the amount of wages recovered is less than the amount of attorney fees, this frequently happens in FLSA cases which are brought by counsel acting as "private attorney generals" to enforce the FLSA in cases involving small recoveries which might not otherwise warrant prosecution. "The purpose of the FLSA attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." [21] "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in an FLSA case] encourage[s] the vindication of congressionally identified policies and rights.'"[22]

The Sixth Circuit has approved both the "lodestar" and common fund method of payment of attorney fees.[23] In calculating the lodestar "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation

---

[20]*United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir. 1984).

[21]*Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United Slate,* 732 F.2d at 504.)

[22]*Fegley,* 19 F.3d at 1135 (quoting *United Slate,* 732 F.2d at 503.)

[23] *Rawlings v. Prudential-Bache Properties, Inc.,* 9 F.3d 513, 517 (6th Cir. 1993);

multiplied by a reasonable hourly rate." [24]   From there, the court assesses (1) the value of the benefit rendered to the plaintiff class (i.e., the results achieved); (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.[25]

As shown in the Declaration of Bruce H. Meizlish, he and his partner, Deborah Grayson, have expended 1,683.5 hours in connection with this case as of June 8, 2011, and estimate they will spend an additional 40 hours if the settlement is approved. Both attorneys bill their time at a rate of $350.00 per hour. There are 74.5 paralegal hours billed at rates from $60-100, expended in this case, resulting in $6,400 in paralegal fees. Costs of the case have amounted to $3,082.29. The lodestar total is $612,707.29.  The attorney fees and costs that Plaintiffs' counsel will receive pursuant to the separate Settlement of Attorney Fees and costs are significantly less than the lodestar in this case.

The balance of the six decisional factors, as applied in the instant case, validates the reasonableness of the Plaintiffs' request for attorneys' fees and costs.  First, in terms of the value of the benefit rendered to the Plaintiffs, this settlement results in certain payments for individuals who may not receive any recovery even if this case is concluded.   Second, society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters. Third, this case was litigated on a contingency basis.  Plaintiffs' counsel have

---

[24]*Hensley v. Eckerhart,* 461 U.S. 424, 433-4 (1983 )

[25]*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)

made significant investments of time and have advanced costs and, to date, have received no compensation in this matter. Fourth, the hourly rate of counsel is reasonable for experienced labor counsel in this sort of case. For example, Judge Gregory L. Frost from the Eastern Division of the Southern District of Ohio recently awarded attorney fees based on a lodestar calculated on an hourly rate of $350 per hour in an FLSA case not unlike this one.[26] Fifth, the complexity of this case has already been discussed. Finally, the qualifications of Mr. Meizlish and Ms. Grayson are discussed in the Declaration of Counsel. (Dec. of Meizlish, ¶'s 29-29 ). Each has 34 years of experience in the area of labor law and their practice centers on FLSA and wage-related claims. Defense counsel is also a highly-experienced and competent attorney who practices with a nationally recognized firm which specializes in the defense of employment claims, including wage claims under the FLSA. (Dec. of Rice ¶'s 2-3)

The parties submit that agreed payments for attorney fees and costs are reasonable. Courts are especially amenable to awarding negotiated attorneys fees and costs in a reasonable amount where that amount is in addition to and separate from the settlement with the class. Fees paid separate and apart from the class recovery are entitled to a presumption of reasonableness.[27]

**VIII. CONCLUSION**

For the foregoing reasons, the parties request that the Settlement Agreement and Release of Claims and the Settlement of Attorney Fees and Costs be approved by the Court. Based on the agreement of the parties and as reflected in the Settlement Agreements, an important

---

[26] *Sniffen v. Spectrum Industrial Services*, 2007 U.S. Dist. LEXIS 55013 at *8-9 (July 30, 2007)

[27]*Bailey v. AK Steel Corp.*, 1:06-cv-468, 2008 U.S. Dist. LEXIS 18838 at *3 (S. D. Ohio Feb. 28, 2008) (citations omitted)

consideration for the settlement is the confidentiality of the amounts payable by Defendants to the Plaintiffs and for attorney fees and costs. The parties additionally request the Court's approval of the Notices to be sent to the named Plaintiffs and the opt in Plaintiffs so that information about the settlement  may be given to all Plaintiffs and the opportunity to participate once the Court's Order approving the Settlement Agreement and Release of Claims becomes final.

Respectfully submitted,

BY: s/Deborah R. Grayson                  BY:   s/Joel W. Rice
Deborah R. Grayson                        Joel W. Rice
Ohio Bar #0062777                         Ohio Bar #003630
Bruce H. Meizlish                         Craig R. Annunziata
Ohio Bar #0033361                         Peter J. Gillespie
                                          Appearing Pro Hac Vice

Attorney for Plaintiffs                   Attorneys for Defendants


MEIZLISH & GRAYSON                        FISHER & PHILLIPS
830 Main Street, Suite 999                140 South Dearborn Street, Suite 1000
Cincinnati, OH 45202                      Chicago, IL 60603
Telephone: (513) 345-4700                 Telephone: (312) 346-8061

## CERTIFICATE OF SERVICE

I, Deborah R Grayson, hereby certify that on June 10, 2011 , the foregoing Memorandum was electronically filed with the Clerk of Courts which will send notification of this filing to all counsel of record, thereby serving the same upon them.

   s/Deborah R. Grayson