## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER L. GENTRUP, et al.     :

                 Plaintiffs,     :

                            :

vs.

                            :

RENOVO SERVICES, LLC, et al.      :

                Defendants     :

Case No. 1:07CV430

Judge Timothy S. Black

**MEMORANDUM OPINION
AND ORDER**

This civil action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§201 *et seq.,* is before the Court on the parties' Joint Motion for Order: (1) Approving Settlement

Agreement and Release of Claims; (2) Approving Notices of Settlement Agreement; and (3)

Approving Settlement of Attorneys' Fees and Costs. (Doc. 221.)

### I. BACKGROUND

On June 4, 2007, Christopher Gentrup and eight other Plaintiffs, on behalf of themselves

and others similarly situated, filed a complaint against Renovo Services, LLC, and its

subsidiaries, Recovery One, LLC; Cyber Asset Recovery, LLC; and Ascension Recovery, LLC

("Defendants"), alleging that Defendants violated Section 207(a)(1) of the FLSA by

misclassifying them as independent contractors and failing to pay them overtime. (Doc.1.) The

Defendants denied any liability and affirmatively asserted that the Plaintiffs were independent

contractors, who were not subject to the overtime requirements of the FLSA. (Doc. 22.) On

August 7, 2008, Defendants amended their Answer to additionally assert that the Plaintiffs'

1

claims were barred, in whole or in part, by the motor carrier exemption provided for in §13(b)(1) of the FLSA. (Doc.169.) Plaintiffs were permitted, on December 16, 2009, to add Renaissance Recovery Solutions, LLC, as an additional Defendant and to add a claim that Defendants failed to pay Plaintiffs minimum wages as required by Section 207(a)(1) of the FLSA. (Doc. 193.)

The Plaintiffs filed a Motion for Conditional Certification on September 26, 2007, (Doc. 26), which was granted on January 24, 2008. (Doc. 58.) Court-Approved Notice was sent to eligible individuals beginning March 26, 2008. Joining the named Plaintiffs were 108 Plaintiffs who opted into the proceeding by filing Consents, primarily in response to the class Notice. Subsequently, eleven Plaintiffs were dismissed for failure to cooperate in discovery. There are currently 106 Plaintiffs in this case.

## II. STATUS OF THE CASE

On August 31, 2010, this Court issued its Calender Order, setting a discovery deadline of May 31, 2011, with a decertification motion deadline of July 15, 2011 and a dispositive motion deadline of December 30, 2011. (Doc. 204) There has been substantial discovery in this case over the course of several years, beginning with discovery connected to conditional certification, proceeding with discovery connected to Defendants' affirmative defense of the motor carrier exemption, and continuing with discovery connected to decertification and summary judgment and trial. (Doc. 221, pgs.6-7.) Toward the end of the discovery period, the parties were able to reach agreement on the terms of a settlement. The parties now jointly move for approval of their negotiated Settlement Agreement and Release of Claims and Settlement of Attorneys' Fees and Costs, both of which were filed under seal pursuant to the terms of the parties' Protective Order. (Doc. 220.)

2

For the reasons that follow, this Court approves both Settlements and the Notices to Plaintiffs which summarize the terms of the Settlements and provide them with the opportunity to participate in the Settlement.

### III.  DISCUSSION

#### A.  The Proposed Settlement

Pursuant to the Settlement Agreement and Release of Claims, the Defendants have agreed to pay a fixed overall settlement amount which will be used to pay individual Plaintiffs, who timely execute and return a Settlement Acceptance and Release.  Payments will be made in eight quarterly installments. The amounts payable to individual Plaintiffs will be determined according to a formula based on their eligible months of service for Defendants.  If a Plaintiff does not accept the Settlement, the amount to which that Plaintiff would be entitled will be redistributed among those Plaintiffs who choose to participate. In return for their payments, the Plaintiffs will be asked to sign a release of claims. Based on the undertakings in the Settlement, the parties agree to seek the dismissal, with prejudice, of the lawsuit, with the Court retaining limited jurisdiction for purposes of its enforcement.

#### B.  Standards for Approval of an FLSA Settlement

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court.[1]  The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated

---

[1]*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

judgment only after scrutinizing the settlement for fairness.[2] If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."[3]

The Court has reviewed the proposed Settlement Agreement and Release of Claims and finds it is fair and reasonable.

First, the pleadings in this case and the representations of the parties establish that there is a bona fide dispute under the FLSA. Plaintiffs and Defendants dispute whether repossession agents are independent contractors or employees, whether all or many of the Plaintiffs are exempt from the FLSA based on Defendants' affirmative defense of the motor carrier exemption, and the amount of any damages. The parties have considered the relative strengths and weaknesses of their claims, the uncertainties and risks inherent in continued litigation, and the benefits of settlement. (Doc. 221 pgs 9-10.)

The Sixth Circuit has identified a number of factors to aid the court in determining whether a class action settlement is "fair, reasonable and adequate." These factors are also considered in determining whether the settlement of FLSA claims is "fair and reasonable." [4] The factors cited by the Circuit include: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of

---

[2] *Id.* at 1353

[3] *Id.* at 1354

[4] *Crawford v. Lexington-Fayette Urban County Gov't.,* 2008 U.S. Dist. LEXIS 90070 at *21-31, 2008 WL 4723399, (E.D. Ky. Oct 23, 2008); *Rotuna v. West Customer Mgmt. Group, LLC ,* 2010 U.S. Dist. LEXIS 58912 at *15-16 (N.D. Ohio June 15, 2010)

4

success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. [5]

The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.[6] In certain cases, a court may consider each factor individually. "More often, however, inquiry into one factor necessarily overlaps with inquiry into another."[7]

In this case, the parties have vigorously litigated this matter for more than four years. There is no evidence of fraud or collusion. Based on the complexity of the issues and number of Plaintiffs, the continued litigation of this matter will extend at least a year or more with considerable expenditures of time and resources of the parties and the Court.

"The likelihood of success . . . . provides a gauge from which the benefits of the settlement must be measured."[8] The ultimate question is whether the plaintiffs are better served if the litigation is resolved by the settlement rather than pursued. The Court is not required to determine if the settlement is the fairest possible resolution of the claims of each plaintiff, but rather whether the settlement taken as a whole is fair, adequate, and reasonable. [9] The risks

------

[5] *Int'l Union, United Auto, Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992)

[6] *Redington v. Goodyear Tire & Rubber Co.,* 2008 U.S. Dist. LEXIS 64639, 2008 WL 3981461 at *11 (N.D. Ohio Aug. 23, 2008) citing *Granada*, 962 F.2d at 1205-06.

[7] *In re Cincinnati Policing,* 209 F.R.D. 395, 400 (S.D. Ohio 2002)

[8] *General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)

[9] *UAW v. General Motors Corp.*, 2006 U.S. LEXIS 14890, 2006 WL 89115 at *15 (E. D. Mich. Mar. 31, 2006), aff'd 497 F.3d 616 (6th Cir. 2007)

posed by Defendants' position on the independent contractor issue, and the motor carrier affirmative defense to Plaintiffs' claims, justify a compromise settlement which provides a settlement payment to all Plaintiffs.

Both Plaintiffs' and Defendants' counsel believe that the settlement is fair and reasonable, which weighs in favor of approving the settlement.[10]  Courts are particularly likely to defer to the judgment of experienced trial counsel where, as here,  significant discovery has been completed. [11]

The Plaintiff class has been advised of the tentative settlement and Plaintiffs' counsel has received no objections, although individual settlement amounts currently are unknown. Given the uncertainties surrounding the possible trial in this matter, the certainty and finality that come with settlement also weigh in favor of a ruling approving the settlement.  Such a ruling promotes the public interest in encouraging the settlement of litigation.[12]

The relevant factors individually and collectively support a finding that the settlement is fair and reasonable and that it resolves a bona fide dispute over the FLSA claims asserted.

### C. Class Representative Fee

The Settlement provides for lead Plaintiff Christopher Gentrup to receive an additional payment of $2,500.00 as a class representative fee for services rendered to the class, including his

---

[10]*Worthington v. CDW Corp.,* 2006 U.S. Dist. LEXIS 32100 at *13 (S.D. Ohio May 22, 2006).

[11]*Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir. 1983)

[12]*Rotuna,* 2010 U.S. Dist. LEXIS 58912 at *16, citing *Crawford,* 2008 U.S. Dist. LEXIS 90070, 2008 WL 4723399 at *9; *Dillworth v. Case Farms Processing, Inc.,* 2010 U.S. Dist. LEXIS 20446 at *15, (N.D. Ohio Mar. 10, 2010) also citing *Crawford.*

6

participation in an unsuccessful mediation in Chicago and his continuing assistance to counsel. (See Doc. 221 p.15). The payment of this modest service fee is reasonable and appropriate in these circumstances.[13]

### D. Approval of Notices

As part of the Settlement Agreement and Release of Claims, the parties have agreed that separate Notices of Settlement Agreement will be sent to the filing named Plaintiffs and the opt-in Plaintiffs. (Doc. 221-3 and 221-4, respectively.) These Notices differ only as to the terms of the release provided, with a broader release for the named Plaintiffs. The Notices fairly and adequately describe the terms of the Settlement including the release of claims and the form and manner of payments. They are approved.

### E. Settlement of Attorneys' Fees and Costs

Defendants have agreed to pay the Plaintiffs' attorney fees and costs as set forth in a separate Settlement of Attorney Fees and Costs filed under seal. Pursuant to §216(b) of the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." [14]

---

[13]*Hadix v. Johnson,* 332 F.3d 895, 897-98 (6th Cir. 2003); *Enterprise Energy Corp. v. Columbia-Transmission Corp.,* 137 F. R D. 240, 250 (S.D. Ohio 1991).

[14]*United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir. 1984).

7

The Sixth Circuit has approved both the "lodestar" and common fund method of payment of attorney fees.[15] In calculating the lodestar"the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." [16] From there, the court assesses (1) the value of the benefit rendered to the plaintiff class (i.e., the results achieved); (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.[17]

Pursuant to the Settlement of Attorneys' Fees and Costs, Plaintiffs' counsel will be paid significantly less than the lodestar amount in this case. Moreover, the balance of the six decisional factors validates the reasonableness of the payment of attorneys' fees as called for in the settlement.

First, Plaintiffs' counsel have achieved a settlement in which all Plaintiffs may receive a payment - even those whose claims are subject to strong defenses. Second, society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters. Third, this case was litigated on a contingency basis. Plaintiffs' counsel have made significant investments of time and have advanced costs but have received no compensation in this matter. Fourth, the hourly rate of $350 of counsel is reasonable for

---

[15] *Rawlings v. Prudential-Bache Properties, Inc.,* 9 F.3d 513, 517 (6th Cir. 1993);

[16]*Hensley v. Eckerhart,* 461 U.S. 424, 433-4 (1983 )

[17]*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)

8

experienced labor counsel in this type of case and the hours expended, 1,683.5 as of June 8, 2011, are reasonable given the course of this litigation. Fifth, as discussed, this case poses complicated issues of law and fact. Finally, Plaintiffs' counsel, Bruce H. Meizlish and Deborah R. Grayson, are experienced practitioners in the area of labor law, as are counsel for Defendants. Moreover, Defendants are in agreement that the attorneys' fees and costs in this Settlement are reasonable and this Court so finds.

The Court, therefore, **GRANTS** the Joint Motion for Order: (1) Approving Settlement Agreement and Release of Claims; (2) Approving Notices of Settlement Agreement; and (3) Approving Settlement of Attorneys' Fees and Costs (Doc. 221) and hereby **ORDERS** as follows:

1.  The Court hereby **APPROVES** the Settlement Agreement and Release of Claims and finds that the Settlement is a fair, reasonable, and adequate settlement of a bona fide dispute over the FLSA's provisions.

2.  The Court **APPROVES** the Notices of Settlement Agreement which are executed and appended to this Order as the Notices provide fair and adequate notice of the terms of the settlement;

3.  The Court **APPROVES** the Settlement of Attorneys' Fees and Costs which provides for fair and reasonable attorneys' fees and costs incurred in the prosecution of this action.

4.  Counsel for Plaintiffs is to tender a proposed Order of Dismissal of this matter.

    **IT IS SO ORDERED.**

Date: _6/24/11_

_Timothy S. Black_
Timothy S. Black
United States District Judge

9